Filed 7/25/16  P. v. Campos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>HUMBERTO LINARES CAMPOS,<br><br>  Defendant and Appellant. | F069556<br><br>(Super. Ct. No. 13CM1136)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Meredith Fahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

A jury convicted appellant Humberto Linares Campos of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), a felony. In a separate proceeding, Campos admitted a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) and allegations that he had a prior conviction within the meaning of the "Three Strikes" law (Pen. Code, § 667, subds.(b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 1, 2013, at approximately 11:15 a.m., while on patrol in Lemoore, Kings County Sheriff's Deputy Daniel Hoslett parked his car to walk to a bank. As he walked between two parked cars, Deputy Hoslett saw Campos sitting in the driver's seat of a car with his hands on his lap holding two small plastic bindles that contained a white powder. When he made eye contact with the deputy, Campos's eyes got wide and his jaw dropped. Campos then passed the bindles to Cynthia Sanchez, who was sitting in the front passenger's seat. Hoslett opened the car door and ordered Campos out of the car. As Campos exited the car, Sanchez leaned down to her right, which caused her hands to go out of Hoslett's field of vision. Hoslett ordered Sanchez to put her hands on the dash, but she continued to reach down to her right side with her right hand.

After getting Campos and Sanchez out of the car, Deputy Hoslett searched them. Hoslett did not find anything unusual on Campos, but on Sanchez he found a small plastic bindle sticking out of her waistband that was similar to the ones Campos earlier had in his possession. During a search of the car, on the floorboard between the front passenger's seat and the door, Hoslett found a piece of a plastic bag that had been torn off and white powder around it. Hoslett recovered some of the powder from the floorboard.

The bindle recovered from Sanchez's waistband was later determined to contain .88 grams of methamphetamine. The powder recovered from the floorboard was also determined to be methamphetamine and weighed .03 grams.

On March 4, 2014, the district attorney filed a second amended information charging Campos with possession of methamphetamine, a prior prison term enhancement and allegations that he had a prior conviction within the meaning of the Three Strikes law. Also on that date, Campos admitted the prior prison term enhancement and the Three Strikes allegation.

On March 5, 2014, the jury convicted Campos of possession of methamphetamine.

On April 3, 2014, the court granted Campos request to substitute retained counsel for his appointed counsel.

On May 7, 2014, Campos's retained counsel filed a motion for a new trial, a statement in mitigation, a *Romero*[1] motion, and a motion to reduce Campos's conviction to a misdemeanor.

On June 5, 2015, the court denied the motion for a new trial, the *Romero* motion, and the motion to reduce Campos's conviction to a misdemeanor. The court then sentenced Campos to an aggregate five-year term, the middle term of two years on Campos's possession of methamphetamine conviction, doubled to four years because of his prior strike conviction, and a one-year prior prison term enhancement.[2]

Campos's appellate counsel has filed a brief that summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Campos has not responded to this court's invitation to submit additional briefing.

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2]     On November 20, 2014, Campos filed an Application to Designate Felony Conviction as Misdemeanor and Petition for Recall of Sentence and Re-sentencing. On March 13, 2015, the court granted the application and petition. It also recalled Campos sentence, reduced his conviction to a misdemeanor and resentenced him to 365 days local time. Because his custody credits exceeded the sentence imposed, the court ordered Campos released on supervised release.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.